PER CURIAM.
Appellant-defendant was convicted on two counts of aggravated assault. The state charged that he pointed a firearm from one vehicle at the victims in another. The trial court denied appellant’s requested jury instruction on the lesser included offense of improper exhibition of a firearm. No other “lessers” were requested. Improper exhibition of a firearm is a category II lesser included offense of aggravated assault. In the Matter of the Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.), modified, 431 So.2d 599 (Fla.1981); Fla.Std. Jury Instr. (Crim.) p. 260. See generally Brown v. State, 206 So.2d 377 (Fla.1968).
The trial court erred in failing to give the requested instruction. See State v. Abreau, 363 So.2d 1063 (Fla.1978); Janus v. State, 477 So.2d 644 (Fla. 2d DCA 1985); Irving v. State, 337 So.2d 1014 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977).
*9 With respect to the other issue on appeal, we find sufficient evidence that the victim was placed in fear of imminent bodily harm. Therefore, the trial court did not err in denying the motion for judgment of acquittal.
We reverse the judgment as to counts I and II and remand for a new trial on the charges of aggravated assault.
DOWNEY, LETTS and STONE, JJ., concur.
ON MOTION FOR CLARIFICATION
Appellant’s timely Motion for Clarification is granted. By the opinion of this court of November 5,1986, appellant’s conviction on counts I and II were reversed. The sentence on the remaining count is thereby converted to a sentence in excess of the guidelines without written reasons for departure. We therefore vacate appellant’s sentence on the charge of carrying a concealed firearm and remand for resen-tencing.
DOWNEY, LETTS and STONE, JJ., concur.