548 So.2d 867 (1989)
Calvin Roland GEORGE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0994.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Calvin Roland George appeals his conviction and sentence for aggravated battery with a firearm. He contends the trial court erred by overruling his objection to a racially motivated peremptory challenge of a black juror; by limiting his cross examination of the victim; by limiting his counsel's redirect examination of him; by giving a preliminary instruction to the jury that it could not have a read-back of testimony; and by imposing 50.3 community service hours as part of his sentence. The state concedes that the trial court did not have authority to impose community service hours. See Brown v. State, 508 So.2d 776 (Fla. 1st DCA 1987).
We find merit only in appellant's contention that the trial court erred when it instructed the jury that after they had begun deliberations they could not have the court reporter read back the testimony of the witnesses. The court stated in its preliminary instruction:
You are not allowed to have the court reporter, once you begin your jury deliberations, to have the testimony of the witnesses read back to you. You have to listen carefully and attentively to what the testimony is of the witnesses, because you are going to hear it only once.
Appellant cites this court's decisions in Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987) and Biscardi v. State, 511 So.2d 575 (Fla. 4th DCA 1987), and argues that the court's instruction constituted fundamental and reversible error. We agree.
In Huhn and Biscardi, the trial court instructed the jury that there was no provision for reinstruction or to have testimony read back and that the jury would have to remember the instructions and testimony as best they could. In Huhn, we concluded that the jurors might have asked questions pertaining to the instructions or requested a read back of certain testimony if they thought it possible. Huhn pointed out that:
Florida Rule of Criminal Procedure 3.410 permits but does not require the trial court, on the juror's request, to "give them such additional instructions or ... order such testimony read to them" as the jurors have requested. Counsel for both sides must have notice that this is going to be done. Id. It clearly does not prohibit the trial court from reinstruction nor having testimony reread; yet we have to assume, as reasonable people, that some, or all, of the jury so understood the trial court's remarks to mean such prohibition existed.
... perhaps jurors would have asked questions pertaining to the instructions or sought to have certain testimony read *868 to them if they had thought it possible. In our view, the error was harmful.
Id. at 591.
For the reasons stated in Huhn and Biscardi we hold that the trial court's instruction constituted reversible error.
Accordingly, we reverse appellant's conviction and remand this case for a new trial.
REVERSED and REMANDED.
WALDEN and POLEN, JJ., concur.