556 So.2d 440 (1990)
Richard HENDRICKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1865.
District Court of Appeal of Florida, Fourth District.
January 17, 1990.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
*441 GARRETT, Judge.
Appellant seeks review of his convictions for three counts of sexual battery upon a child less than twelve years of age and a count of lewd, lascivious, or indecent assault or act upon a child. We write to address one of the issues raised by appellant. We find no error as to the remaining issues.
Florida Rule of Criminal Procedure 3.410 provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them.
However, the trial judge's preliminary instructions to the venire, stated:
Number three, prospective jurors are not allowed to ask the court reporter during the deliberation process to have the court reporter read back to you the testimony of any of the witnesses. You have to listen very carefully and attentively to what the witnesses have to say because you're only going to hear it once.
This court's holdings in Biscardi v. State, 511 So.2d 575, 580-581 (Fla. 4th DCA 1987), and Huhn v. State, 511 So.2d 583, 591 (Fla. 4th DCA 1987), condemned similar instructions as harmful error aggravated by the judge (who presided over both trials) refusing to allow the jury to take notes.
The jury was allowed to take notes during the trial at bar. But, although the jurors were allowed to take notes in George v. State, 548 So.2d 867 (Fla. 4th DCA 1989), this court reversed the trial judge who presided over this case for giving an almost identical instruction.
Harmful error occurs when a trial judge or anyone else interferes with the jury deliberation process.[1] Allowing jurors to take notes does not lessen the error. Harmful error whether aggravated or not is still harmful error. The fact that jurors might have asked questions pertaining to the instructions or requested testimony read back if they thought it possible remains a compelling reason to condemn the instruction. Given the sanctity of a jury room, the State cannot establish that such error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse appellant's convictions and sentences and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ANSTEAD and POLEN, JJ., concur.
NOTES
[1] We consider the giving of the instruction to be fundamental error which amounted to a denial of due process. Appellant's failure to object at trial did not waive appellate review. See Ray v. State, 403 So.2d 956, 959-960 (Fla. 1981).