567 So.2d 18 (1990)
Armando DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-370.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Bennett H. Brummer, Public Defender and Stephen L. Kramer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
*19 Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
After a less-than-one-day, two-witness trial, which demonstrated without dispute that Diaz had sold two cocaine rocks to a police officer while he was being observed by another one, the defendant was found guilty of sale or delivery of cocaine.[1] The only point on appeal claims the right to a new trial because, without objection, the trial court instructed the jury at the beginning of the case that:
Throughout the trial you have to remain alert and listen attentively. You may not take notes and again, I keep referring to TV, things happen on there, people think it is real life. You can't send a note and ask us to send a transcript of what a witness said. You must rely upon your collective recollection as to what the testimony was from the witness stand.
While this instruction may well have been technically ill-advised, see Fla.R.Crim.P. 3.410, it cannot result in reversal in the absence of preservation below. Particularly because there is no reason to believe that the "note-taking" or "reading back" issues were of any concern to the jury at all in this utterly open-and-shut case,[2] it surely cannot be said that the charge resulted in a denial of due process, affected the defendant's right to an essentially fair trial or fell within any other accepted definition of fundamental error of which we are aware. State v. Jones, 377 So.2d 1163 (Fla. 1979); Castor v. State, 365 So.2d 701 (Fla. 1978); State v. Smith, 240 So.2d 807 (Fla. 1970). (Indeed, although we need not reach the point, it seems likely that the instruction, even if the subject of an objection at the trial, was no more than harmless.[3]) Hendrickson v. State, 556 So.2d 440 (Fla. 4th DCA 1990) is apparently contrary to this conclusion. We completely disagree with that decision.
Affirmed.
NOTES
[1] The trial, which was the very definition of the proverbial "slow plea," occurred instead of the faster and more efficient process solely because the defendant's past record gave him such a high point total under the guidelines that he had little to lose and a chance to gain through a quirk acquittal (or a serendipitous error, such as the one claimed here) by pursuing that course. In the event, his sentence was nine years in prison.
[2] Compare LaMonte v. State, 145 So.2d 889 (Fla. 2d DCA 1962).
[3] See supra note 1.