573 So.2d 161 (1990)
Frankie Lavon FARROW, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0367.
District Court of Appeal of Florida, Fourth District.
November 14, 1990.
Rehearing and Certification Denied February 6, 1991.
*162 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC
WARNER, Judge.
The issue presented by this appeal is whether or not a judge's instruction to the jury panel on voir dire that the jurors would have to pay attention because the judge would not permit a readback of testimony was fundamental error compelling the reversal of appellant's conviction and sentence. We hold that it is not and thereby recede from both Hendrickson v. State, 556 So.2d 440 (Fla. 4th DCA 1990) and George v. State, 548 So.2d 867 (Fla. 4th DCA 1989).
During his preliminary instruction to the venire, the trial court stated:
Number five, with respect to the testimony of the witnesses you're going to have to listen very carefully to the testimony of the witnesses because you're only going to hear it once. The court stenographer is not going to be reading back to you the testimony of the witnesses. So you have to listen very carefully and attentively to what the witnesses are saying.
No objection was made to this instruction. Jury selection proceeded, and a jury was sworn. The trial lasted two days. The trial judge did not repeat the above instruction during the closing instructions. There was no evidence of jury confusion over anything but some of the definitions in the jury instructions which the court reread. A verdict was rendered against appellant.
In George v. State and Hendrickson v. State, this court found similar preliminary instructions by the same trial judge to be fundamental reversible error, relying on Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987), and Biscardi v. State, 511 So.2d 575 (Fla. 4th DCA 1987)[1]. In Huhn *163 and Biscardi this court held that a comparable instruction given during closing instructions was reversible error. However, defense counsel had objected to the instruction at the time it was given and requested a curative instruction which was denied. Huhn, 511 So.2d at 588. Thus, neither case stands for the proposition that the instruction quoted above constitutes fundamental error.
Fundamental error, which may be raised for the first time on appeal, is defined as error going to the foundation of the case or the merits of the cause of action. Ray v. State, 403 So.2d 956 (Fla. 1981), quoting Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). This is a limited exception to the rule requiring contemporaneous objection to preserve the issue for appeal and should be applied only in rare instances where jurisdictional error appears or where the interests of justice compel its application. Ray, 403 So.2d at 960.
Generally, errors committed in the trial process are not deemed to be fundamental. See e.g. Marion v. State, 287 So.2d 419 (Fla. 4th DCA 1974), cert. denied, 294 So.2d 91, and cases cited at 3 Fla.Jur.2d Appellate Review § 301. The giving or failing to give particular jury instructions is not fundamental error but requires the assertion of a timely objection unless the error amounts to a denial of due process of law. Smith v. State, 521 So.2d 106 (Fla. 1988); Castor v. State, 365 So.2d 701 (Fla. 1981). In Castor the supreme court stated:
The requirement of a contemporaneous objection is based in practical necessity and basic fairness on the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early state of the proceedings.
Castor at 703.
Under the standards of the foregoing cases the judge's instruction to the jury panel at the commencement of appellant's trial did not constitute fundamental error. While the instruction was error, as it was in contravention of Florida Rule of Criminal Procedure 3.440 which permits the readback of testimony, it does not go to the merits of the case and does not deprive the defendant of a fair trial. Defense counsel could have brought it to the court's attention immediately and obtained a curative instruction. Rather than denying a defendant a fair trial, to declare this instruction, given before the trial starts, to be a fundamental error permits the defendant two trials. What defense counsel would object to such an instruction on voir dire? It would be far better for the defendant not to object, even though the error is easily curable, and await the outcome of the trial. If the defendant is convicted, then defense counsel can be assured of securing a reversal on appeal because of the "fundamental" error which the judge committed in voir dire. If specific and confusing substantive jury instructions can be held not to make a trial fundamentally unfair, see Smith v. State; Castor v. State, then a procedural instruction such as the one given here is also not a fundamental error, and we so hold.
Finding no other reversible error we affirm the appellant's conviction and sentence.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, GLICKSTEIN, DELL, WALDEN, STONE and POLEN, JJ., concur.
GARRETT, J., dissents with opinion in which GUNTHER, J., concurs.
GARRETT, Judge, dissenting.
I respectfully dissent. Rule 3.410 of the Florida Rules of Criminal Procedure provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give *164 them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
The failure to reread testimony requested by a jury has been held to be fundamental error. LaMonte v. State, 145 So.2d 889 (Fla. 2d DCA 1962).
Jury deliberations are an intricate, sacrosanct and fragile part of our judicial system. One should never underestimate the collective power of a jury to resolve factual disputes. We strive to protect the process from outside influence. But, what a judge says to a jury greatly impacts on them. A black robed judge who presides from an elevated bench amid formal judicial protocol is an imposing figure to any group of lay people.
I believe that the disputed instruction penetrated the sanctity of the jury room and intimidated the jury. The jurors got the message as to how the judge wanted them to conduct their deliberations. When a juror cannot request the reading of testimony it prevents a complete airing of the merits of the case and strikes at the very foundation of a jury trial.
The majority holds that a defense objection would have given the trial judge the opportunity to tell the jury to disregard the instruction and thereby cure the error. But had the judge done so, would the following unspoken message have remained, "I am the judge, do what I want, not what the lawyer made me say!"? The closed doors of the jury room prevent us from learning the answer.
The instruction, no matter when given, unnecessarily violated a fundamental part of every American jury trial, the jury deliberation process, and should be deemed reversible error with or without objection.
NOTES
[1] Biscardi relied on Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975), which held that the giving of what was in effect an Allen charge to the jury panel on voir dire was prejudicial error. However, in Van Note v. State, 366 So.2d 78 (Fla. 4th DCA 1978), this court refused to reverse based upon the giving of a similar charge because defense counsel had failed to object to the judge's statement. Thus, it was not considered to be fundamental error. The giving of an "Allen" charge on voir dire interferes with the deliberative process by coercing a jury into a decision. There is no such coercion placed on the jury by the charge considered in this case.