571 So.2d 102 (1990)
The STATE of Florida, Appellant,
v.
Ernesto PADRON, Appellee.
No. 90-66.
District Court of Appeal of Florida, Third District.
December 18, 1990.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellee.
Before COPE, LEVY and GODERICH, JJ.
LEVY, Judge.
The State appeals, claiming that the trial court was in error in sentencing the defendant to a 12-year prison sentence over the State's objection, rather than sentencing the defendant to 30 years in prison which the State contends was the only sentence the court could impose on this defendant, who is an habitual offender. The State also contends that the 12-year sentence imposed by the trial court was an impermissible downward departure from the sentencing guidelines.
Regarding the habitual offender sentence issue, it is clear that, contrary to the State's contention, the 30-year prison sentence that the State was seeking is not a mandatory type of sentence. See State v. Brown, 530 So.2d 51 (Fla. 1988). In fact, the language of Section 775.084(4)(a), Florida Statutes (1989) specifically provides that habitual offenders, when convicted of a second degree felony, shall be sentenced to "... a term of years not exceeding 30." Accordingly, 30 years would be the maximum sentence that the trial court could impose, not the only sentence that the court could impose. Furthermore, Section 775.084(4)(c), Florida Statutes (1989) provides *103 that "[i]f the court decides that imposition of sentence under this Section is not necessary for the protection of the public, sentence shall be imposed without regard to this Section". Accordingly, the record reflects that the trial court was correct in connection with its interpretation of the habitual offender statute.
Turning to the issue regarding the downward departure from the sentencing guidelines, however, we reach a different result. As the appellee correctly concedes before this court, there is "no record support" for the reason given by the trial court for the downward departure sentence imposed. As a result thereof, the 12-year sentence imposed by the trial court must be reversed and this case remanded to the trial court for the purpose of allowing the appellee the option of either being sentenced to a sentence within the sentencing guidelines or, in the alternative, to withdraw his plea and to proceed to trial.