621 So.2d 475 (1993)
Royce RIGDON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1385.
District Court of Appeal of Florida, Fourth District.
May 26, 1993.
*476 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
The appellant, Royce Rigdon, charged with attempted murder, was convicted of the lesser included offense of aggravated *477 assault with a firearm. While some of the errors of which he complains on appeal would be considered harmless standing alone, we treat them here to avoid repetition in the retrial mandated by other reversible errors also present in the record.
Appellant was charged with the attempted first degree murder of his then wife, Catherine Rigdon. His defense was voluntary intoxication. At trial, appellant's request for an instruction on improper exhibition of a dangerous weapon was erroneously refused. Both the accusatory pleading and the evidence supported an instruction on this category two, permissive, lesser included offense. See State v. Daophin, 533 So.2d 761, 762 (Fla. 1988). We have previously held such an omission to be error. See Meyer v. State, 501 So.2d 8 (Fla. 4th DCA 1987); see also DeVaughn v. State, 582 So.2d 728 (Fla. 1st DCA 1991) (trial court's refusal to give jury instruction on category two lesser included offense of improper exhibition of a firearm is reversible error where the pleadings and proof support such a charge); Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985) (it is reversible error for trial court to refuse to instruct on a lesser included offense one step removed from crime for which defendant is convicted, when that instruction has been properly requested). We certify that our view apparently conflicts with that of the third district. Mack v. State, 305 So.2d 264 (Fla. 3d DCA 1974).
As we have indicated, appellant was convicted of aggravated assault with a firearm, a third degree felony. Improper exhibition of a dangerous weapon and discharging a firearm in public, both of which are category two lesser included offenses of aggravated assault, are both first degree misdemeanors. Simple assault, a category one (necessarily) lesser included offense of aggravated assault, is a second degree misdemeanor. As a necessarily lesser included offense, simple assault is one step removed from the greater crime of aggravated assault. Cannon v. State, 456 So.2d 513, 514 (Fla. 5th DCA 1984), rev. denied, 462 So.2d 1108 (Fla. 1985). It thus appears that the error complained of was harmless in this case.
Appellant also requested a jury instruction on simple assault. Assuming an appropriate and timely objection, refusal to instruct on simple assault here would have been reversible error. Cannon, 456 So.2d at 514-15.
However, Florida Rule of Criminal Procedure 3.390(d) provides:
No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.
In Hubbard v. State, 411 So.2d 1312, 1314 (Fla. 1st DCA) (on rehearing en banc), dismissed, 424 So.2d 761 (Fla. 1982), the court stated:
In Castor v. State, 365 So.2d 701, 703 (Fla. 1978), the Supreme Court stated that to satisfy the rule [3.390(d)], "... an objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." We believe that this statement best describes the objective of Rule 3.390(d). The primary thrust of the rule is to insure that the trial judge is made aware that an objection is being made and that the grounds therefor are enunciated.
. ...
We hold that where the record demonstrates that the trial judge was fully aware that an objection was made to the failure to instruct on penalties, that the specific grounds for the objection were presented, and that the judge was given a clear opportunity to rule on the objection, then the issue is preserved for appellate review.
The record in the present case reflects the following colloquy between the trial judge and appellant's counsel:
MR. DIAZ: I WOULD ASK FOR ASSAULT, TOO, JUDGE.

*478 THE COURT: I DECLINE THE ASSAULT.
* * * * * *
MR. DIAZ: OKAY. JUDGE, CAN I SAY ONE MORE THING?
THE COURT: NO, LET ME GET MY INSTRUCTIONS OUT FIRST. I GOT IT.
MR. DIAZ: JUDGE, SIMPLE ASSAULT IS A CATEGORY TWO LESSER FIRST DEGREE ATTEMPTED PREMEDITATED MURDER. I WOULD BE REQUESTING THAT.
THE COURT: THERE IS NO EVIDENCE OF A SIMPLE ASSAULT. I DECLINE TO GIVE IT.
While it is the state's position that appellant did not apprise the trial court of the specific basis for his request, the record reflects that defense counsel specifically informed the trial court that he was requesting a simple assault instruction because that offense was a category two lesser included offense of attempted first degree murder. It is also clear that the court understood the request when denying it, stating that there was no evidence of simple assault. Accordingly, based on the holding in Hubbard (which was applied to defense counsel's oral argument in support of jury instructions at a jury instruction conference in Fernandez v. State, 570 So.2d 1008 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 167 (Fla. 1991)), it is clear that although defense counsel's argument in support of the requested instruction was modest, it was nevertheless sufficient to preserve the issue for appellate review. See also Toole v. State, 479 So.2d 731, 733 (Fla. 1985) ("The contemporaneous objection rule is satisfied when, as here, the record shows that there was a request for an instruction, that the trial court understood the request, and that the trial court denied the specific request.").
Because the failure to instruct on a necessarily lesser included offense one step removed (simple assault) from the crime for which a defendant was convicted (aggravated assault with a firearm) constitutes reversible error per se, we reverse appellant's conviction and remand for a new trial.
Appellant next argues, based on Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987), that the trial court reversibly erred in admitting, over defense counsel's relevancy objection, a small semiautomatic weapon found by a police officer under appellant's bed. This exhibit did not tend to prove or disprove a material fact as it had no connection whatsoever to the charged offense.
Based on Huhn, the trial court in the present case erred in admitting this weapon over appellant's relevancy objection. However, under Herman v. State, 396 So.2d 222 (Fla. 4th DCA), cert. dismissed, 402 So.2d 610 (Fla. 1981), such error was harmless.
Appellant also challenges the trial court's ruling allowing Lori Lasky to testify that Catherine Rigdon felt threatened by appellant. Ms. Lasky testified that on the night before the incident, Ms. Rigdon had gone to Ms. Lasky's house, where she spent the night. The state then asked, "do you know if [Ms. Rigdon] felt threatened by [appellant]?". Over appellant's hearsay objection, Ms. Lasky testified that during the course of their conversation that night, Ms. Rigdon told her that she felt threatened. Ms. Rigdon's statement, as related by Ms. Lasky, was hearsay, as it was an out of court statement offered in evidence to prove the truth of the matter asserted. See § 90.801(1)(c), Fla. Stat. (1991); see also Selver v. State, 568 So.2d 1331, 1334 (Fla. 4th DCA 1990) ("Statements of a murder victim that express general fear of the defendant or a concern that defendant may intend to kill the victim are generally inadmissible hearsay."). In the absence of an applicable exception, hearsay evidence is inadmissible. Correll v. State, 523 So.2d 562, 565 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988); § 90.802, Fla. Stat. (1991). The question thus becomes whether the statement was admissible, as argued by the state, under the state-of-mind exception to the hearsay rule. In Correll, the Florida Supreme Court succinctly stated:

*479 It is well settled that the state-of-mind exception to the hearsay rule allows the admission of extra-judicial statements only if the declarant's state of mind is at issue in a particular case or to prove or explain the declarant's subsequent conduct. § 90.803(3)(a), Fla. Stat. (1985).
523 So.2d at 565.
In the present case, appellant was charged with attempted first degree murder contrary to sections 777.04(1) and 777.04(4)(a), Florida Statutes (1991), which define the offense of attempt and the appropriate punishment, and contrary to section 782.04(1)(a), Florida Statutes (1991), which defines murder as:
(1)(a) The unlawful killing of a human being:
1. When perpetrated from a premeditated design to effect the death of the person killed or any human being... .
Instructing the jury, the trial court summarized the charge against appellant as follows:
The State alleges that on July 27th of 1991, he unlawfully and feloniously and from a premeditated design to affect the death of Catherine Rigdon, a human being, did attempt to kill Catherine Rigdon and in the course of the attempt, used a firearm or other deadly weapon, to wit, a handgun, and in furtherance of the attempt, did shoot at Catherine Rigdon contrary to Florida law.
Since Catherine Rigdon's state of mind was not at issue and her statements could not be used to prove appellant's state of mind, Ms. Lasky's testimony was inadmissible. See e.g. Kennedy v. State, 385 So.2d 1020, 1021-22 (Fla. 5th DCA 1980). However, in light of Catherine Rigdon's testimony that approximately six weeks before the incident, appellant was drinking and depressed and said once or twice that he was just going to shoot her and the baby and himself and just put them all out of their misery, the admission of Ms. Lasky's testimony was harmless error. See Correll, 523 So.2d at 565-66 (admission of hearsay testimony concerning victim's fear was harmless error in view of the other evidence against the defendant); Selver, 568 So.2d at 1335 (victim's hearsay statements can only be considered harmless if the matters contained therein were cumulative of other testimony on the same point).
Finally, appellant argues that it was error for the trial court to instruct the jury that any request to have testimony read back would be refused. In Hendrickson v. State, 556 So.2d 440 (Fla. 4th DCA 1990), where defense counsel failed to object, this court held that the giving of the following preliminary instruction was fundamental error:
Number three, prospective jurors are not allowed to ask the court reporter during the deliberation process to have the court reporter read back to you the testimony of any of the witnesses. You have to listen very carefully and attentively to what the witnesses have to say because you're only going to hear it once.
Id. at 441. Earlier, this court in Biscardi v. State, 511 So.2d 575, 580-81 (Fla. 4th DCA 1987), and Huhn, 511 So.2d at 591, where defense counsel had voiced an objection, held that similar instructions which indicated to the jury that there was really no provision for reinstruction of the jury or review of testimony, particularly where the trial court had earlier refused to advise the jury it could take notes, was harmful error because the comments may reasonably have conveyed to the jurors that to ask for clarification of instructions or rereading of testimony would be futile or was prohibited. In Huhn the trial judge instructed the jury:
Also, there is really no provision for me to either reinstruct you after I instruct you or certainly to have any testimony read back or certainly to call any witnesses back. You are going to have to remember the testimony and the instructions on the law as best you can and probably the next time we hear from you will be when that buzzer in there rings and we all jump about a foot up in the air and then, you have a verdict.
511 So.2d at 591. Subsequently, in Farrow v. State, 573 So.2d 161 (Fla. 4th DCA 1990) (en banc), this court receded from Hendrickson *480 by holding that such instructions were not fundamental error. This court nevertheless held that such instructions are in contravention of Florida Rule of Criminal Procedure 3.440 which permits the readback of testimony, and thus error. 573 So.2d at 163.
In the present case defense counsel properly preserved the issue for appellate review by objecting to the subject instruction when moving for a mistrial. Employing the reasoning underlying the foregoing cases, while the instruction given contains indications that there remained a possibility of having testimony read back, it nevertheless resembles the instruction condemned in the above cases because the trial judge's comments may reasonably have conveyed to the jurors that to ask for rereading of testimony would be futile or was prohibited. This was reversible error.
We reverse and remand for a new trial.
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.