LAWRENCE, Judge.
Roderieo Lamar Jackson (Jackson) appeals his conviction and sentence for aggravated battery with a firearm. Jackson raises two issues on appeal: (1) whether the trial court committed fundamental error when it advised the jury that transcripts generally would not be available; and (2) whether the trial court erred in denying his motion for an evidentiary hearing and for the appointment of an expert witness on the question of whether the habitual offender statute, section 775.084, Florida Statutes (Supp.1992), is applied in a racially disparate manner. We affirm.
At Jackson’s trial, before the presentation of any evidence, the jury posed the following four questions to the trial court: (1) whether they may take notes; (2) whether they will be able to read over transcripts of the testimony; (3) whether they may ask to have something repeated if they do not understand something that was said; and (4) the procedure for restroom breaks. Outside the jury’s presence, the trial judge advised both parties of the responses he planned to give the jury, and gave them an opportunity to voice any objections they might have. Defense counsel stated that she did not object to the proposed jury instruction.
The jury was returned to the courtroom and the judge instructed in the following manner:
I will not forbid you taking notes. I would suggest, however, that you probably will do better watching the demeanor of witnesses and not being so concerned with note taking.... The purpose of juries, of course, is for the collective wisdom and the collective ability to listen and understand the facts.... The second question, will we be able to read over transcripts of testimony. Generally speaking, no. Again, your collective recollection is what’s going to serve you.
(Emphasis added.) After both parties had rested, closing instructions were given. The instruction concerning the reading back of the testimony was not repeated. The jury retired to deliberate, and in approximately one hour, without asking any questions, returned a verdict of guilty.
At the sentencing hearing, Jackson filed a motion for an evidentiary hearing and the appointment of an expert on whether the habitual felony offender statute is being applied in a racially disparate manner. His motion was premised on results from a legislative report from the Economic and Demographic Research Division, indicating a black defendant was 1.92 times more likely than a non-black defendant of like criminal characteristics to receive an habitual offender sentence in the Fourth Judicial Circuit. The trial judge denied the motion, and Jackson was sentenced as an habitual felony offender to twelve years imprisonment, with a minimum mandatory sentence of three years.
Jackson contends the trial court committed fundamental error in giving its preliminary instruction concerning the availability of transcripts of witness testimony, when Florida Rule of Criminal Procedure 3.410 and accompanying case law permits the rereading of testimony. He contends this court should adopt the dissenting opinion in Farrow v. State, 573 So.2d 161 (Fla. 4th DCA 1990) (en banc). The State argues that the trial court’s instruction is not erroneous because it did not preclude the re-reading of testimony under all circumstances. The State further argues that, even if the trial court erred, Jackson’s approval of the instruction and failure to object waived the issue for appeal because the error is not fundamental. We agree with the State.
The Fourth District has held that instructions in contravention of Florida Rule of Criminal Procedure 3.410,[1] which permits testimony to be read to the jury, constitutes harmless error. Farrow v. State, 573 So.2d *1371 161 (Fla. 4th DCA 1990) (en banc). In Farrow, the instruction given to the jury was as follows:
[W]ith respect to the testimony of the witnesses you’re going to have to listen very carefully to the testimony of the witnesses because you’re only going to hear it once. The court stenographer is not going to be reading back to you the testimony of the witnesses. So you have to listen very carefully and attentively to what the witnesses are saying.
573 So.2d at 162. While finding such an instruction to be error, the court held it did not constitute fundamental error.
Jackson’s second argument regarding the denial of his motion for an evidentiary hearing and the appointment of an expert witness must also fail. Dawson v. State, 636 So.2d 858 (Fla. 1st DCA 1994); see also Foster v. State, 614 So.2d 455 (Fla.1992) (affirming trial court denial of evidentiary hearing into claim that death penalty is imposed in a discriminatory manner), cert. denied, — U.S. —, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Pittman v. State, 633 So.2d 1125 (Fla. 1st DCA 1994) (habitual felony offender).
Accordingly, we AFFIRM the judgment and sentence below.
ALLEN, J. and SHIVERS, Senior Judge, concur.

. Florida Rule of Criminal Procedure 3.410 provides in relevant part:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them.
Although this rule references instructions given after the jury begins it's deliberations, it has been applied to cases involving preliminary instructions as well. See Farrow v. State, 573 So.2d 161 (Fla. 4th DCA 1990) (instruction given during *1371 voir dire); Velazquez v. State, 570 So.2d 400 (Fla. 4th DCA 1990) (pretrial instruction).