651 So.2d 138 (1995)
Eric MILLER, Ronald Wearen, Juan Hernandez, Kelvin Bernard Jones, Carlos L'Sherad, Sidney Herbert Hipburn a/k/a "Pie", Curtis D. Johnson, Arthur Hall, Freddie Morales, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 91-1743, 92-896, 92-2144, 92-2625, 93-353, 93-483, 93-699, 93-1210 and 93-1284.
District Court of Appeal of Florida, Third District.
February 15, 1995.
Rehearing Denied March 29, 1995.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Bruce Rosenthal, Robert Kalter, Rosa C. Figarola, Asst. Public Defenders, and Julie M. Levitt, Sp. Asst. Public Defender, and Charles G. White, Miami, for appellants.
Robert A. Butterworth, Atty. Gen., and Roberta Mandel and Linda S. Katz, Assts. Atty. Gen., Katherine Fernandez Rundle, State Atty., and Paul G. Mendelson, Asst. State Atty., for appellees.
Mark King Leban, Miami, for the American Civil Liberties Union Foundation of Florida, Inc., as amicus curiae.
Nancy C. Daniels and Nada M. Carey, Tallahassee, for The Florida Public Defenders Ass'n, as amicus curiae.
James T. Miller, Jacksonville and Robert A. Harper, Jr., Tallahassee and Carl Lida, Plantation, for the Florida Ass'n of Criminal Defense Lawyers, as amicus curiae.
Robert Burke, for the National Legal Aid & Defender Ass'n, Washington, DC, as amicus curiae.
*139 Before HUBBART, BASKIN and LEVY, JJ.
PER CURIAM.
This is a consolidated appeal by the defendant Eric Miller and other defendants from various judgments of conviction and sentences and denials of motions to vacate sentence pursuant to Fla.R.Crim.P. 3.850 entered below. The sole point urged on appeal is that the trial court erred in refusing to conduct an evidentiary hearing on the defendants' claim that a habitual violent offender sentence, under Section 775.084, Florida Statutes (1991), was unlawfully imposed on these defendants based on racially discriminatory motives in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and of Article I, Section 2 of the Florida Constitution. We expressly directed the parties to address this issue in the Eric Miller case and relinquished jurisdiction to the trial court for the purpose of allowing the defendant to adduce evidence to support this claim; upon remand, the trial court consolidated this case with other pending cases in which the defendants therein made an identical claim. This court has since had the benefit of extensive and able briefs on this issue from both parties and from amici curiae American Civil Liberties Union of Florida and the Florida Public Defenders Association; we congratulate all counsel on the professional excellence of their briefs and oral argument before this court.
It is undisputed that the sole evidence proffered by the defendants below in support of their equal protection challenge is (1) a statistical study on habitual violent offender sentences imposed by the Circuit Court for the Eleventh Judicial Circuit between October 1, 1988 and February 1, 1993; and (2) supporting sociological history of alleged racial discrimination over the past one hundred years in the criminal justice system in Dade County. The defendants proffered no evidence specific to their cases that shows that racial considerations  namely, that the defendants were black  played a part in the habitual violent offender sentences imposed in the cases before the court.
We agree with the First and Fourth District Courts of Appeal that statistical studies of this sort are not probative on the issue of whether racial considerations played a role in the imposition of habitual offender sentences. Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA, 1995); Jackson v. State, 641 So.2d 1369 (Fla. 1st DCA 1994); Dawson v. State, 636 So.2d 858 (Fla. 1st DCA 1994). Pittman v. State, 633 So.2d 1125 (Fla. 1st DCA), rev. denied, 642 So.2d 747 (Fla. 1994). This is so because the imposition of a habitual offender sentence involves (1) numerous decision-makers, rather than a single decision-maker, namely, (a) the state attorney in her decision to request the court to impose a habitual offender sentence, and (b) the various circuit judges in the criminal division of the circuit court in their respective decisions as to whether to accede to the state attorney's request; and (2) the presence of numerous discretionary factors which may permissibly go into both the state attorney and the trial judge's decision on whether a habitual offender sentence should be imposed, quite apart from the statutory criteria for such sentences. See Burdick v. State, 594 So.2d 267 (Fla. 1992); Cotton v. State, 588 So.2d 694 (Fla. 3d DCA 1991), approved, 595 So.2d 957 (Fla. 1992); State v. Padron, 571 So.2d 102 (Fla. 3d DCA 1990); McNair v. State, 563 So.2d 804 (Fla. 3d DCA 1990); see also Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla. 1990). This being so, we think the imposition of a habitual offender sentence is comparable to the imposition of the death penalty as to which it has been held that statistical studies of this nature are not probative on the issue of whether the death penalty has been imposed in a given case based on racially discriminatory considerations. McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); Foster v. State, 614 So.2d 455 (Fla. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993).
Accordingly, we conclude that the trial court did not err in refusing to conduct an evidentiary hearing on the defendants' constitutional claims. The final judgments of *140 conviction and sentences and denials of motions to vacate are, accordingly,
Affirmed.