STEVENSON, C.J.
Appellant, Roger Lavallee, was tried by jury and convicted of burglary of a dwelling and possession of marijuana. On appeal, Lavallee argues that the trial court erred in allowing impermissible hearsay, in allowing the prosecution to introduce testimony that he had gloves and a screwdriver in his pockets when arrested immediately after the burglary, and in denying a motion for judgment of acquittal as to the burglary charge. Because we agree the trial court abused its discretion in allowing testimony indicating that appellant had gloves and a screwdriver with him at the time of the burglary, we reverse.
The facts relevant to the issue which we will specifically address in this opinion are as follows. On the evening of July 26, 2005, Benjamin Pacitti entered his garage, left the garage door open, and went inside his house. When Pacitti thought he heard a tool fall shortly after 11:00 p.m., he went to the garage to investigate the noise. It was then that Pacitti saw a man holding a weed eater and trying to “finagle [his] generator out from beside the truck along the wall.” According to Pacitti, although the generator weighed between 250 and 300 pounds, a person could “just roll it” or “lift and carry it comfortably” because the generator had wheels and a handle. The defense stipulated that appellant was the person in the garage. Pacitti subsequently observed appellant exit the garage quickly and leave on a bicycle.
Sergeant Sills received a call concerning the alleged burglary and began patrolling the area looking for a suspect. Within moments of the incident and the call, Sills apprehended appellant, and Pacitti identified him as the man in his garage. The subsequent search of appellant revealed that he had marijuana, a screwdriver, and black leather gloves in his pockets.
Before the trial began, the defense attorney moved to prevent the police from testifying about the screwdriver and gloves. The defense attorney argued the evidence was irrelevant given that appellant was not charged with possession of burglary tools and the testimony was more prejudicial than probative. The trial judge denied the motion after the State asserted that the evidence showed appellant’s intent to commit a crime inside the garage. “The test of admissibility is relevancy.” Reddish v. State, 167 So.2d 858, 861 (Fla.1964). “ The concept of ‘relevancy’ has historically referred to whether the evidence has any logical tendency to prove or disprove a fact. If the evidence is logically probative, it is relevant and admissible unless there is a reason for not allowing the jury to consider it.’ ” State v. Taylor, 648 So.2d 701, 704 (Fla.1995) (quoting Charles W. Ehrhardt, Florida Evidence § 401.1 at 95-96 (1994)). “Overall, broad discretion rests with the trial court in matters relating to the admissibility of relevant evidence, and that ruling will not be overturned absent a clear abuse of discretion.” Grau v. Branham, 761 So.2d 375, 378 (Fla. 4th DCA 2000). We find that the trial court abused its discretion in admitting the evidence in question.
Appellant relies on Shennett v. State, 937 So.2d 287 (Fla. 4th DCA 2006), which appears to be the closest case cited by either side. There, the passenger of a Ford Taurus, later identified as Shennett, broke into a Dodge Caravan by using a sparkplug to shatter the window. See id. at 289. The burglary was discovered while in progress, and the Taurus then led police on a high-speed chase. A search of the Taurus revealed a Ziploc baggie containing pieces of porcelain from a sparkplug and a screwdriver on the front passenger seat. Several pieces of porcelain were found mixed among the broken glass of the Dodge Caravan. The owner of the Taurus *511 testified that he loaned the car to Shen-nett, that the screwdriver was his, and that he knew nothing about the bag with porcelain pieces. Id. at 290. Shennett was subsequently charged with, and convicted of, burglary and possession of burglary tools due to the baggie containing porcelain pieces.
On appeal, this court explicitly stated it was reversing Shennett’s convictions “because of the admission of testimonial hearsay that violated the Sixth Amendment Confrontation Clause.” Id. at 288. Germane to this case though, the court held that the trial court abused its discretion by admitting the screwdriver into evidence:
The screwdriver was irrelevant to the issues at trial because it did not “tend[ ] to prove or disprove a material fact” in the case. § 90.401, Fla. Stat. (2005). The burglary tool which Shennett was charged with possessing was “porcelain pieces.” There was no evidence that he used the screwdriver in any way to burglarize Brown’s minivan. The screwdriver had no connection with either charged offense [burglary and possession of burglary tools]. See Rigdon v. State, 621 So.2d 475, 478 (Fla. 4th DCA 1993).
937 So.2d at 292-93.
As in Shennett, there was no evidence that appellant used, or even attempted or intended to use, the screwdriver or gloves to facilitate his burglary of Pacitti’s home. Thus, consistent with the holding in Shen-nett, the evidence that appellant possessed a screwdriver and gloves shortly after the burglary, and most probably during the burglary, was irrelevant. There was simply no connection shown between appellant’s possession of the items and the crime charged. Indeed, the State compounded the error of the admission of the screwdriver and gloves by stating in closing arguments: “These are not items of a biker; these are items of a thief.”
Our independent research has revealed an earlier Florida Supreme Court case which bears consideration. In Rebjebian v. State, 44 So.2d 81 (Fla.1949), the defendant was convicted of breaking and entering with intent to commit grand larceny, and the court approved the introduction of evidence that the defendant carried a screwdriver and gloves even though there was no direct evidence that he used these items to commit the offense. The evidence in Rebjebian was that “the householder” had received several strange telephone calls during a period of about a week, which caused him to believe his home was being “cased” in preparation for a robbery. Id. at 82. The evidence suggested that the householder was a person of considerable means as there was $20,000 worth of jewelry in the master bedroom, silverware valued at $3,000, and a butler on staff. The householder notified police, who then set up a sting operation whereby they advised the householder to absent himself and his wife from the house for an afternoon while several detectives hid in the master bedroom. That afternoon, the telephone rang several times in succession, but was not answered. Shortly thereafter, Rebjebian attempted to enter the bedroom and was arrested. See id.
In Rebjebian, the court noted the fact that the defendant wore gloves and carried a screwdriver was relevant to the question of whether Rebjebian intended to commit an offense when he entered the house. The court remarked that, in light of the circumstances surrounding the incident, it was not unreasonable to assume the defendant “wore gloves for the purpose of leaving no telltale fingerprints.” 44 So.2d at 83. As for the defendant’s possession of the screwdriver, the court stated: “The screw driver, though a very commonplace tool, is hardly one that would be carried by *512 a casual caller. Id. In discussing the surrounding circumstances, the court stated:
So, if we examine the circumstances surrounding the incident we find that there had been a persistent effort on the part of someone, shortly before the entry, to determine by calling on the telephone whether anyone was in the house. Following that, the defendants were seen to drive slowly past the house and to stop just beyond it, but near enough that one fleeing would have a means of escape. The defendant Rebjebian then looked into the house and rang the doorbell. When no one responded he made his way in by opening a door which had been locked. In a minimum of time he appeared in a room where the owners kept jewelry of considerable value. Upon being ordered to raise his hands he attempted to flee.

Id.

We find Rebjebian distinguishable from the instant case. In Rebjebian, there were a number of factors, as recognized by the court, which suggested the defendant had been attempting to gain unlawful entry into the victim’s home for some time. After Rebjebian satisfied himself that no one was in the dwelling, he went in through a door which had been locked. In view of all of the circumstances in that case, Rebjebi-an’s possession of a screwdriver and gloves achieved at least a modicum of relevancy.
Accordingly, we reverse the judgment and sentence for burglary and reverse and remand for a new trial. We affirm the conviction for possession of marijuana, which was not challenged in this appeal.

Reversed and Remanded.

HAZOURI and MAY, JJ., concur.