TORPY, J.
 

 Appellant challenges his convictions and sentences for attempted burglary of a dwelling and resisting an officer without violence. We agree with Appellant that the lower court erred by admitting into evidence certain “tools” found in Appellant’s possession when he was apprehended shortly after the attempted burglary. The perpetrator gained entry through an open bathroom window and no property was taken from the residence. Therefore, the lower court improperly admitted Appellant’s duffle bag and some of its contents, as well as items found on Appellant’s person, because there was no evidence linking these items to the crime, either as instruments or fruits of the crime.
 
 See Lavallee v. State,
 
 958 So.2d 509, 511 (Fla. 4th DCA 2007) (“[T]he evidence that appellant possessed a screwdriver and gloves shortly after the burglary, and most probably during the burglary, was irrelevant. There was simply no connection shown between appellant’s possession of the items and the crime charged.”). Accordingly, we reverse the attempted burglary conviction and remand for a new trial. We affirm the conviction for resisting arrest, concluding that the erroneous admission was harmless as it pertained to the resisting arrest conviction.
 
 See Simmons v. State,
 
 552 So.2d 268 (Fla. 1st DCA 1989) (affirming convictions for sale of cocaine, but reversing and remanding for new trial conviction for possession with intent to sell as error only affected that conviction).
 

 We expressly reject Appellant’s contention that a judgment of acquittal should have been granted.
 

 AFFIRMED in part; REVERSED in part, and REMANDED.
 

 SAWAYA and MONACO, JJ., concur.