ON MOTION FOR REHEARING EN BANC

EVANDER, J.
We deny John Gayden’s motion for rehearing en banc; however, we withdraw our previous opinion issued on November 6, 2015, and substitute the following opinion in its stead.
After a jury trial, Gayden was convicted of aggravated battery with a deadly weapon and aggravated assault with a deadly weapon. The “deadly weapon” in question was a handgun. On appeal, Gayden raises two issues, only one of which merits discussion. Gayden contends that the trial court erred when it denied his motion for judgment of acquittal on the aggravated battery charge because the State failed to demonstrate that the handgun constituted a “deadly weapon,” given the manner in which it was used during the commission of the battery. We disagree.
It is unnecessary to discuss the complete history of the adverse relationship between Gayden and the victim. It is sufficient to observe that the victim testified that during a confrontation between the two, Gay-den removed a handgun from the trunk of his car, placed the barrel of the gun against the victim’s chest, and pulled the trigger. When a bullet failed to discharge, the victim fled and immediately contacted law enforcement. The victim, a former military police officer, advised police that the handgun was either “a .380 or baby .9 millimeter.” Shortly thereafter, police located a loaded .380 handgun[1] in the spare tire compartment of Gayden’s car’s trunk after receiving his consent to search the vehicle.
At trial, Gayden disputed the victim’s version of events and specifically denied ever retrieving a handgun from his vehicle. The jury found Gayden guilty as charged on both the aggravated battery and aggravated assault charges. The jury also made a special finding that Gayden possessed a firearm during the commission of both offenses.
We reject Gayden’s argument that his aggravated battery conviction must be set aside because there' was no evidence that the handgun expelled a projectile or was used as a bludgeon. Section 784.045, Florida Statutes (2012), provides, in pertinent part:
Aggravated Battery.
(l)(a) A person commits aggravated battery who, in committing battery:
[[Image here]]
2. Uses a deadly weapon.
This court has defined “deadly weapon” to mean: (1) an instrument that will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design, or (2) an object that is used or threatened to be used in a way likely to produce death or great bodily harm. Michaud v. State, 47 So.3d 374, 376 (Fla. 5th DCA 2010); see also Brown v. State, 86 So.3d 569, 571 (Fla. 5th DCA 2012).
Here, the State presented evidence that Gayden committed a battery by placing the handgun against the victim’s chest without the victim’s consent. Evidence that Gayden pulled the trigger of a loaded firearm while the firearm was pressed *1205 against the victim’s chest was more than sufficient to show that Gayden used or threatened to use the handgun in a way that was likely to produce death or great bodily harm.
AFFIRMED.
PALMER and ORFINGER, JJ., concur.

. A Florida Department of Law Enforcement firearms technician testified at trial that the firearm was functional and that there were several possible reasons why the loaded handgun may have failed to expel a projectile when Gayden pulled the trigger.