305 So.2d 264 (1974)
Jonah MACK, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-834.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen Nagin, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
The appellant, defendant in the trial court, was charged by information with aggravated assault. He was tried by jury, convicted and sentenced to five years in the state penitentiary. Three points are raised on appeal.
*265 The first point, that the court erred in denying the defendant's motion to proffer his face to the jury for examination in order to contradict testimony of the state's witnesses that the defendant had been injured as the result of a speargun attack by the alleged victim, is without merit, especially where the defendant took the stand and the jury was able to view him at all times.
The second point raised on appeal is that the court erred in failing to give the jury instruction requested by the defendant on the lesser included offense of improper exhibition of a weapon or firearm where, as the appellant contends, the evidence meets all of the requirements for that offense. The appellant fails to set forth any authority for the proposition that improper exhibition of a weapon or firearm is a lesser included offense of aggravated assault. Absent a showing that "the lesser included offense is `comprehended' within the major offense to the extent that it is within the general scope of the charge made ...", we find no abuse of discretion and no reversible error in the court's denial of same. State v. Anderson, Fla. 1973, 270 So.2d 353, 355. Accord Brown v. State, Fla. 1968, 206 So.2d 377 and DeLaine v. State, Fla. 1972, 262 So.2d 655.
The third point raised on appeal is that the court erred in assessing $2 court costs against the defendant because he had been adjudicated insolvent. It is stated in § 939.15, Fla. Stat., that:
"Costs paid by county in cases of insolvency.  When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the supreme court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by § 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs."
It was, therefore, error for the court to assess costs against the defendant.
For the reasons stated, the judgment and conviction appealed are affirmed and the order assessing court costs against the defendant is reversed, and the defendant is released from his obligation to pay said costs.
Affirmed in part, reversed in part.