347 So.2d 1087 (1977)
Ulysses Ulice GILBERT, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-971.
District Court of Appeal of Florida, Third District.
July 12, 1977.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and NATHAN, JJ.
NATHAN, Judge.
As mandated by the Florida Supreme Court in Gilbert v. State, 344 So.2d 564 (Fla. 1977), this cause is before us for further consideration in light of State v. White, 324 So.2d 630 (Fla. 1975). We have reviewed the case again, taking into consideration the supplemental briefs filed by counsel for the defense and for the State.
The facts show that the defendant, Ulysses Ulice Gilbert, was playing pool in the Zebra Lounge where the victim, Louvenia Robinson is the bar maid and manager. The defendant began to curse and Louvenia asked him to be quiet or leave. He continued to curse, so Louvenia went to the telephone *1088 to call the police. The defendant pulled a gun, pointed it at Louvenia's head and told her if she called the police, ". . he would blow [her] God damned brains out." Louvenia saw that the gun was a dark color, and that the defendant held it to her head for several seconds, whereupon she obeyed and put the phone down. The defendant then left the Zebra waiving the gun at the patrons and stating, "Nobody better not follow me."
The defendant was charged by information with aggravated assault. He waived jury trial, was tried without a jury, convicted and sentenced to two years non-reporting probation. During the trial, Louvenia testified to the facts recited above, and her testimony was corroborated by one of the bar patrons who witnessed the incident.
Defendant urges on appeal that there was no evidence of well-founded fear on the part of the victim that violence was imminent. We follow the principle of law espoused by the Florida Supreme Court in State v. White, supra, that the crime of aggravated assault includes as one of its elements the victim's well-founded fear that violence is imminent. Applying it to the facts of this case, we find that the defendant's action in pointing the pistol at the victim's head in plain view of the victim and other persons present met all of the essential elements of aggravated assault. It is unlikely in the course of human events that a person in Louvenia's circumstances would not have a well-founded fear that violence is imminent when a pistol is pointed at her head.
When one is confronted by another with a gun and does not know it to be unloaded, the natural reaction is to assume that the gun can be fired and can inflict great bodily harm. Bass v. State, 232 So.2d 25 (Fla.1st DCA 1970). A gun used in connection with and at the scene of a robbery is as a matter of law a dangerous weapon and those on the scene are placed in an objective state of danger regardless of whether there is proof that the gun was loaded. Baker v. United States, 412 F.2d 1069, 1072 (5th Cir.1969). As expressed in 1 Wharton's Criminal Evidence (10th Edition), page 667 and note, the person who attempts to rob another by putting him in fear of death or great bodily harm through his conduct in deliberately pointing a gun at him at close range impliedly represents that the gun is loaded, and the proof of such conduct establishes prima facie that the gun was loaded and capable of being discharged. Thomas v. State, 183 So.2d 297, 300 (Fla. 3d DCA 1966), is a robbery case in which the victim did not provide direct testimony of being placed in fear. This court, nevertheless, held that where the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown. See also Ponder v. State, 221 So.2d 437 (Fla.3d DCA 1969), and Solloa v. State, 227 So.2d 217 (Fla.3d DCA 1969).
We see no reason why the same rule should not apply to aggravated assault. That is, where the assault is accomplished by the pointing of a gun in a threatening manner, and within the obvious range of the gun, the victim is justified in inferring that the gun is loaded, and the finder of fact is justified in inferring that the victim was placed in fear of imminent violence. Therefore, from the facts in this case, we hold that there was a sufficient showing of fear on the part of the victim to sustain the conviction of aggravated assault.
Affirmed.