416 So.2d 1270 (1982)
Larry GRIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1139.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
*1271 James B. Gibson, Public Defender, and Michael B. Jones, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marck C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Charged with a crime, appellant was adjudged insolvent and the public defender was appointed. He was convicted on a guilty plea and appeals an order that he pay costs of $4.00 under section 939.01, Florida Statutes (1981), and $10.00 under section 960.20, Florida Statutes (1981). The cost order is hereby modified to delete the requirement of payment of the $4.00 of court costs. Cox v. State, 334 So.2d 568 (Fla. 1976); Williams v. State, 375 So.2d 584 (Fla. 5th DCA 1979); Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981); Mack v. State, 305 So.2d 264 (Fla. 3d DCA 1974).
The Cox decision was based on section 939.15, Florida Statutes, which requires the county to pay court costs of insolvent defendants. That section is not applicable to costs taxed under section 960.20, Florida Statutes (1981), which expressly prohibits a political subdivision from being liable for such costs. Therefore, the Cox holding is inapplicable to the $10.00 cost taxed against appellant under section 960.20, Florida Statutes. There is no constitutional impediment against merely taxing costs against an indigent defendant upon conviction. Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). Therefore, the cost order is
AFFIRMED as modified.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.