477 So.2d 644 (1985)
Miroslav JANUS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2753.
District Court of Appeal of Florida, Second District.
October 9, 1985.
Dennis J. Rehak, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant raises three issues in his appeal from a conviction for aggravated assault. We find no merit in the first two issues but reverse on the third.
With respect to defendant's first contention on appeal, the trial court did not err in refusing to give a jury instruction as to the justifiable use of force; the evidence did not support the application of that instruction to the facts of this case. We also disagree with defendant's contention that the trial court erred in overruling defendant's objection to questions by the state on redirect examination of a witness as to defendant's attitude at the time of his arrest; the questions on cross-examination of that witness opened the door to the subject. See Hinton v. State, 347 So.2d 1079 (Fla. 3d DCA 1977).
However, we agree with defendant's contention that the jury should have been instructed, as defendant requested, on the lesser-included offense of improper exhibition of a firearm. That offense is listed in the standard jury instructions as a category 2 lesser-included offense of aggravated assault. The instructions list assault as the only category 1 offense under aggravated assault. But improper exhibition of a firearm is actually the next lesser-included offense of aggravated assault. Aggravated assault is a third degree felony with a maximum sentence of imprisonment of five years. Improper exhibition of a firearm is a first degree misdemeanor with *645 a maximum sentence of one year imprisonment. Assault is a second degree misdemeanor with a maximum sentence of sixty days imprisonment. Thus, improper exhibition of a firearm is the next lesser-included offense of aggravated assault and, if the pleadings and proof support the charge, it is reversible error not to give a requested instruction on an offense which is one step removed from the charged offense. See State v. Abreau, 363 So.2d 1063 (Fla. 1978). In this case the information alleged the essential elements of improper exhibition of a firearm, and the evidence at trial would have supported a verdict on that charge. Therefore, it was error not to instruct the jury on that lesser-included offense. See Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985).
Reversed and remanded for a new trial.
OTT, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.