EVANDER, J.
 

 Michaud appeals his convictions for aggravated battery with a deadly weapon,
 
 [1]
 
 aggravated assault with a firearm,
 
 [2]
 
 and false imprisonment.
 
 [3]
 
 We affirm the convictions for aggravated battery -with a deadly weapon and false imprisonment. However, the trial court’s failure to grant Michaud’s request to have the jury instructed on improper exhibition of a dangerous weapon or firearm as a lesser included offense of aggravated assault with a firearm requires a reversal on that count.
 

 The evidence, taken in the light most favorable to the State, establishes the following facts: In February 2009, the victim, Michaud’s estranged wife, visited him at his residence. The victim fell asleep on the couch and was awakened when Mi-chaud approached her with plastic ties in his hand. Michaud said that he had heard the ties would enhance the couple’s sexual relationship. The victim refused to be tied up, went into a bedroom, and went back to sleep. Around 4:00 a.m., the victim woke and saw Michaud, who was intoxicated, holding a wrench and the plastic ties. Mi-
 
 *376
 
 chaud told the victim he was going to tie her to the bed. The victim tried to back away but Michaud grabbed her and a struggle ensued. During the struggle, Mi-chaud hit the victim in the head with the wrench approximately seven times. At one point during these events, Michaud said that “he did not care about anything” and that he was going to kill both of them.
 

 The struggle in the bedroom ended when Michaud permitted the victim to go to the kitchen to get a glass of water. Michaud followed the victim to the kitchen, grabbed a rifle or shotgun, and told the victim that he intended to tie her to the bed and “put a bullet in her head.” Mi-chaud and the victim remained seated at the kitchen table for approximately three hours. Whenever the victim attempted to stand up, Michaud would point the gun at her and remind her that he was a good shot. When Michaud momentarily left the room, the victim was able to flee to a neighbor’s house. The police were called, Michaud was arrested, and the victim was taken to the hospital for medical treatment. There she received sixteen stitches along her right eyebrow and three staples in her head.
 

 In affirming Michaud’s conviction for aggravated battery with a deadly weapon, we reject Michaud’s argument that, as a matter of law, a wrench is not a deadly weapon. Section 784.045, Florida Statutes (2008), provides that:
 

 (1)(a) A person commits aggravated battery who, in committing battery:
 

 [[Image here]]
 

 (2) Uses a deadly weapon.
 

 An instrument that will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design is a deadly weapon.
 
 Robinson v. State,
 
 547 So.2d 321, 323 (Fla. 5th DCA 1989). However, an object can also be found to be a deadly weapon if used or threatened to be used in a way likely to produce death or great bodily harm.
 
 See, e.g., Vincente v. State,
 
 669 So.2d 1119 (Fla. 3d DCA 1996) (screwdriver constituted deadly weapon where it was employed by defendant as knife with which to stab victim);
 
 Coronado v. State,
 
 654 So.2d 1267 (Fla. 2d DCA 1995) (sticks used to repeatedly strike victims constituted deadly weapons);
 
 Fletcher v. State,
 
 472 So.2d 537 (Fla. 5th DCA 1985) (razor blade held to victim’s throat during attempted robbery could be found to be deadly weapon). Whether an object is a deadly weapon is generally a question of fact to be determined by the jury.
 
 White v. State,
 
 723 So.2d 357 (Fla. 5th DCA 1998). Here, the trial court properly submitted the matter to the jury.
 

 We do, however, agree with Mi-chaud’s contention that his conviction for aggravated assault with a firearm must be set aside. At trial, Michaud requested that the jury be instructed on the lesser included offense of improper exhibition of a dangerous weapon or. firearm. Section 790.10, Florida Statutes (2008), defines this offense as follows:
 

 If any person having or carrying any ... firearm ... or other weapon shall in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree....
 

 Improper exhibition of a weapon is the next lesser-included offense of aggravated assault and if the pleadings and proof support the charge, it is reversible error not to give a requested instruction on an offense which is one step removed from the charged offense.
 
 Janus v. State,
 
 477 So.2d 644, 645 (Fla. 2d DCA 1985);
 
 see also Hill v. State,
 
 593 So.2d 290 (Fla. 2d
 
 *377
 
 DCA 1992);
 
 Devaughn v. State,
 
 582 So.2d 728 (Fla. 1st DCA 1991).
 

 In the instant case, the requested instruction was supported by both the information and the evidence. The information alleged,
 
 inter alia,
 
 that Michaud “did unlawfully and intentionally threaten by word or act to do violence to the person of [the victim], coupled with an apparent ability to carry out said threat, and utilized a deadly weapon, to-wit, a firearm.... ” The evidence presented at trial was sufficient for a jury to find that Michaud had exhibited a weapon or firearm in a rude, careless, angry, or threatening manner in the presence of the victim.
 

 The other issues raised by Michaud are without merit.
 

 AFFIRMED, in part; REVERSED in part; REMANDED.
 

 MONACO, C.J. and COHEN, J., concur.
 

 [1]
 

 . § 784.045(l)(a)2, Fla. Stat. (2008).
 

 [2]
 

 . §§ 784.021(l)(a) and 775.087(2)(a)l„ Fla. Stat. (2008).
 

 [3]
 

 .§ 787.02, Fla. Stat. (2008).