CRENSHAW, Judge.
Noel E. Christ appeals his judgment and sentence to 69.45 months’ prison for aggravated assault with a deadly weapon. Because the trial court erred by failing to give the requested jury instruction on improper exhibition of a dangerous weapon as a lesser-included offense of aggravated assault, we reverse and remand for a new trial.
At trial, the State presented evidence that on January 31, 2010, Christ caused a disruption inside a Bradenton convenience store and was asked to leave. Once outside the store, Christ, who appeared intoxicated, approached one man from behind as the man was securing his child in a car seat. The victim testified that Christ came within two to three feet of him and held a knife with the blade pointed out towards him. When a store employee came outside and said that the police had been called, Christ walked away. Christ then walked towards apartments located behind the store, where he encountered two other individuals. He approached them in the same manner: knife in hand with blade pointed towards them. As he approached, Christ asked one of the victims if he wanted to fight.
At the charge conference, defense counsel requested that the jury be instructed on the lesser-included offense of improper exhibition of a deadly weapon. The trial court denied the request, and we conclude that in doing so it committed reversible error.
“Improper exhibition of a weapon is the next lesser-included offense of ag *1263 gravated assault and if the pleadings and proof support the charge, it is reversible error not to give a requested instruction on an offense which is one step removed from the charged offense.” Michaud v. State, 47 So.3d 374, 376 (Fla. 5th DCA 2010) (emphasis added) (citing Janus v. State, 477 So.2d 644, 645 (Fla. 2d DCA 1985)).
Under section 790.10, Florida Statutes (2009), improper exhibition of a dangerous weapon occurs when “any person having or carrying any ... weapon ... in the presence of one or more persons, exhibit[s] the same in a rude, careless, angry, or threatening manner.” Here, Christ’s conviction of aggravated assault was based on the information alleging that Christ “did intentionally and unlawfully threaten by word or act to do violence to the person of [the victims], coupled with an apparent ability to do so ... and in so doing did use a deadly weapon, to-wit: Knife.” Further, the evidence presented at trial was sufficient for a jury to conclude that Christ exhibited the knife in a “rude, careless, angry, or threatening manner.” See § 790.10. Because the information and the evidence presented at trial support the charge of improper exhibition of a dangerous weapon, we conclude that the trial court erred by failing to give the requested instruction as a lesser-included offense of aggravated assault. See Janus, 477 So.2d at 645; Irving v. State, 337 So.2d 1014, 1016 (Fla. 2d DCA 1976); Michaud, 47 So.3d at 376; Meyer v. State, 501 So.2d 8, 8 (Fla. 4th DCA 1986). Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
LaROSE and KHOUZAM, JJ„ Concur.