# Supreme Court of Florida

_____

No. SC15-1872

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2015-06.**

[June 23, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to nine existing

standard criminal jury instructions.  We have jurisdiction.  See art. V, § 2(a), Fla.

Const.

The Committee proposes amending existing instructions 2.1 (Preliminary

Instructions); 8.2 (Aggravated Assault); 8.10 (Assault on Law Enforcement

Officer, Firefighter, etc.); 8.12 (Aggravated Assault on Law Enforcement Officer,

Firefighter, etc.); 8.15 (Aggravated Assault on Person 65 Years of Age or Older);

10.5 (Improper Exhibition of a [Weapon] [Firearm]); 11.17(c) (Traveling to Meet a

Minor); 11.17(d) (Traveling to Meet a Minor Facilitated by Parent, Legal

Guardian, or Custodian); and 16.4 (Contributing to Child [Delinquency] [Dependency] [in Need of Services]).

Prior to filing its report with the Court, the Committee published its proposals for comment. Two comments were received by the Committee. The comments were filed by the Florida Public Defender Association and Attorney Blaise Trettis, and addressed a proposed amendment to the comment section of instructions 8.2, 8.10, 8.12, and 8.15. Upon consideration of the comments, the Committee withdrew its proposed comment and added a new comment stating that it is unclear whether a charging document that tracks the statute for aggravated assault with a deadly weapon also charges improper exhibition.

After the Committee filed its report, the Court did not publish the Committee's proposals for comment. Having considered the Committee's report and the comments received by the Committee, we authorize instructions 2.1, 8.2, 8.10, 8.12, 8.15, 10.5, 11.17(c), 11.17(d), and 16.4 for publication and use, with the following modification.

We decline to authorize for publication and use the Committee's proposed new comment in instruction 10.5 regarding the exhibition of an antique firearm. The comment proposed by the Committee states that it is presently unclear whether a defendant who improperly exhibits an antique firearm violates section 790.10, Florida Statutes (2015)—the statute upon which instruction 10.5 is based. Under

that statute, a defendant is guilty of improper exhibition of a weapon or firearm if he or she: (1) has or carries a weapon or firearm; (2) exhibits the weapon or firearm in a rude, careless, angry, or threatening manner; and (3) does the foregoing in the presence of one or more persons.  § 790.10, Fla. Stat. (2015).  The term "firearm" is specifically defined in instruction 10.5.  That definition—which stems from section 790.001(6), Florida Statutes (2015)—expressly states that the term "firearm" does not include antique firearms unless such are used in the commission of a crime.  The proposed comment is thus inconsistent with how the term "firearm" is defined within the context of section 790.10, Florida Statutes, and instruction 10.5.  Given the existence of this inconsistency, we must decline to authorize the Committee's proposed comment for publication and use.

Accordingly, the instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1]  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; Judge Jerri Lynn Collins, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# Appendix

## 2.1 PRELIMINARY INSTRUCTIONS

**Ladies and gentlemen of the jury:**

**You have been selected and sworn as the jury to try the case of State of Florida v.** (defendant)**.**

**This is a criminal case.** (Defendant) **is charged with** (crime(s) charged). **The definition of** ~~the elements of~~ (crime(s) charged) **will be explained to you later.**

~~It is your solemn responsibility to determine if the State has proved its accusation beyond a reasonable doubt against~~ (defendant)~~. Your verdict must be based solely on the evidence, or lack of evidence, and the law.~~

**The** <u>State's charging document, which is called an</u> **[information] [indictment]**<u>,</u> **is not evidence and is not to be considered by you as any proof of guilt.**

**It is the judge's responsibility** ~~to decide which laws apply to this case and~~ **to explain** ~~those~~<u>the</u> **laws to you.** ~~It is your responsibility to decide what the facts of this case may be, and to apply the law to those facts.~~ <u>It is your solemn responsibility to determine if the State proved its accusation beyond a reasonable doubt against</u> (defendant) <u>in accordance with the law that I provide to you.</u> **Thus, the province of the jury and the province of the court are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.**

**Before proceeding further, it will be helpful if you understand how a trial is conducted.**

**At the beginning of the trial, the attorneys will have an opportunity, if they wish, to make an opening statement. The opening statement gives the attorneys a chance to tell you what evidence they believe will be presented during the trial. What the lawyers say is not evidence, and you are not to consider it as such.**

Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be produced as evidence.

*The trial judge should select one of the following two alternatives regarding how final instructions are presented pursuant to Fla. R. Crim. P. 3.390(a).*

*Alternative A:* **After the evidence has been presented, the attorneys will have the opportunity to make their ~~final~~<u>closing</u> argument<u>s</u>.**

**Following the <u>closing</u> arguments by the attorneys, the court will instruct you on the law applicable to the case.**

*Alternative B:* **<u>After the evidence has been presented, the court will give you instructions on the law.</u>**

**<u>The attorneys will then have the opportunity to make their closing arguments.</u>**

**<u>Following the closing arguments by the attorneys, the court will conclude with the final instructions.</u>**

*Resume with the paragraph below.*
**After the final instructions are given [the ~~alternative~~ juror will be released and] you will then retire to consider your verdict.**

**You should not form any definite or fixed opinion on the merits of the case until you have heard all the evidence, the argument of the lawyers and the instructions on the law by the judge. Until that time, you should not discuss the case among yourselves.**

**<u>Your verdict must be based solely on the evidence, or lack of evidence, and the law.</u>**

**I now instruct you not to communicate with anyone, including your fellow jurors, about this case. No communication includes no e-mailing, text messaging, tweeting, blogging, or any other form of communication. You cannot do any research about the case or look up any information about the case. If you become aware of any violation of any of these rules at all, notify court personnel of the violation.**

**During the course of the trial, the court may take recesses, and you will be permitted to separate and go about your personal affairs. During these**

recesses you must not discuss the case with anyone nor permit anyone to say anything to you or in your presence about the case. If anyone attempts to say anything to you or in your presence about this case, tell [him] [her]him or her that you are on the jury trying the case and ask [him] [her]that person to stop. If [he] [she]he or she persists, leave [him] [her]that person at once and immediately report the matter to the [court deputy] [bailiff], who will advise me.

*The trial judge should select one of the following two alternative instructions explaining the rules governing jurors' use of electronic devices, as explained in the Comment section.*

*Alternative A:* **All cell phones, computers, tablets or other types of electronic devices must be turned off while you are in the courtroom. Turned off means that the phone or other electronic device is actually off and not in a silent or vibrating mode. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or of your fellow jurors. After each recess, please double check to make sure your cell phone or electronic device is turned off. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. You cannot have in the jury room any cell phones, computers, or other electronic devices. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**

*Alternative B:* **You cannot have any cell phones, tablets, laptops, or other electronic devices in the courtroom. You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case. Do not take photographs, video recordings or audio recordings of the proceedings or your fellow jurors. At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room. If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay. A contact phone number will be provided to you.**

*Resume with the paragraph below.*
**The case must be tried by you only on the evidence presented during the trial in your presence and in the presence of the defendant, the attorneys and**

the judge. Jurors must not conduct any investigation of their own. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. You must not visit places mentioned in the trial or use the Internet to look at maps or pictures to see any place discussed during the trial.

Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, computers or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog.

What are the reasons for these rules? These rules are imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom. If you investigate, research, or make inquiries on your own, the trial judge has no way to make sure that the information you obtain is proper for the case. The parties likewise have no opportunity to dispute or challenge the accuracy of what you find. That is contrary to our judicial system, which assures every party the right to ask questions about and challenge the evidence being considered against it and to present argument with respect to that evidence. Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.

Any juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. A mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers. If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine or both.

*Give if defendant requests.*
In every criminal proceeding a defendant has the absolute right to remain silent. At no time is it the duty of a defendant to prove [his] [her]

**innocence. From the exercise of a defendant's right to remain silent, a jury is not permitted to draw any inference of guilt, and the fact that a defendant did not take the witness stand must not influence your verdict in any manner whatsoever.**

**The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When an objection is made you should not speculate on the reason why it is made; likewise, when an objection is sustained, or upheld, by me, you must not speculate on what might have occurred had the objection not been sustained, nor what a witness might have said had [he] [she] been permitted to answer.**

**During the trial, it may be necessary to confer with the attorneys out of your hearing to discuss ~~matters of law and other~~ matters that require consideration by me alone. It is impossible to predict when such a conference may be required or how long it will last. When such conferences occur, they will be conducted so as to consume as little of your time as is necessary for a fair and orderly trial of the case.**

### Comments

Florida Rule of Judicial Administration 2.451 directs trial judges to instruct jurors on the use of cell phones and other electronic devices. During the trial, the trial judge may remove the jurors' cell phones or other electronic devices. The trial judge also has the option to allow the jurors to keep the cell phones and electronic devices during trial until the jurors begin deliberations. Rule 2.451 prohibits jurors from using the cell phones or electronic devices to find out information about the case or to communicate with others about the case. The jurors also cannot use the electronic devices to record, photograph, or videotape the proceedings. In recognition of the discretion rule 2.451 gives trial judges, this instruction provides two alternatives: (A) requiring jurors to turn off electronic devices during court proceedings and removing their cell phones and electronic devices during deliberations; or (B) removing the cell phones and electronic devices during all proceedings and deliberations. These instructions may be modified to fit the practices of a trial judge in a particular courtroom. These instructions are not intended to limit the discretion of the trial court to control the proceedings.

The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

This instruction was adopted in 1981 and amended in 2010 [52 So. 3d 595], ~~and~~ 2014 [152 So. 3d 529], and 2016.

## 8.2 AGGRAVATED ASSAULT
§ 784.021, Fla. Stat.

**To prove the crime of Aggravated Assault, the State must prove the following four elements beyond a reasonable doubt. The first three elements define assault.**

1. (Defendant) **intentionally and unlawfully threatened, either by word or act, to do violence to** (victim)**.**

2. **At the time,** (defendant) **appeared to have the ability to carry out the threat.**

3. **The act of** (defendant) **created in the mind of** (victim) **a well-founded fear that the violence was about to take place.**

*Give 4a and/or 4b as applicable. If 4b is alleged, give the elements of the felony charged.*
4. a. **{The assault was made with a deadly weapon.}**

   b. **{The assault was made with a fully-formed, conscious intent to commit** (felony charged) **upon** (victim)**.}**

*Give if applicable. McClain v. State, 383 So. 2d 1146 (Fla. 4~~th~~th DCA 1980); Smithson v. State, 689 So. 2d 1226 (Fla. 5~~th~~th DCA 1997); Gilbert v. State, 347 So. 2d 1087 (Fla. 3~~rd~~d DCA 1977).*
**If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then** ~~the victim~~(victim) **may be found to have been in fear, and actual fear on the part of** ~~the actual victim~~(victim) **need not be shown.**

*Definition. Give if 4a alleged.*

**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if 4a alleged.*

**It is not necessary for the State to prove that the defendant had an intent to kill.**

**Lesser Included Offenses**

| AGGRAVATED ASSAULT — 784.021 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Improper exhibition of a dangerous weapon or firearm, if ~~Fla. Stat. §~~ 784.021(1)(a)<u>, Fla. Stat.</u>, is charged* | | 790.10<u>*</u> | 10.5<u>*</u> |
| Assault | | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Discharging firearms in public | 790.15 | 10.6 |

**Comment<u>s</u>**

<u>*It is not clear whether a charging document that tracks the statute for Aggravated Assault with a Deadly Weapon necessarily charges Improper Exhibition. Contrast *Christ v. State*, 104 So. 3d 1262 (Fla. 2d DCA 2013) and *Michaud v. State*, 47 So. 3d 374 (Fla. 5th DCA 2010) with *Mack v. State*, 305 So. 2d 264 (Fla. 3d DCA 1974).</u>

This instruction was approved in 1981 and amended in 2013 <u>[131 So. 3d 755], and 2016</u>.

- 11 -

## 8.10  ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.
§ 784.07(2)(a), Fla. Stat.

To prove the crime of Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Law Enforcement Explorer] [Non-sworn Law Enforcement Agency Employee Certified as an Agency Inspector] [Blood Alcohol Analyst] [Breath Test Operator] [Railroad Special Officer] [Licensed Security Officer], the State must prove the following six elements beyond a reasonable doubt:

1.    (Defendant) **intentionally and unlawfully threatened, either by word or act, to do violence to** (victim)**.**

2.    **At the time,** (defendant) **appeared to have the ability to carry out the threat.**

3.    **The act of** (defendant) **created in the mind of** (victim) **a well-founded fear that the violence was about to take place.**

4.    (Victim) **was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator while such employee was in uniform and engaged in processing, testing, evaluating, analyzing, or transporting a person who was detained or under arrest for DUI] [railroad special officer] [licensed security officer who wore a uniform that bore at least one patch or emblem that was visible at all times that clearly identified the employing agency and that clearly identified the person as a licensed security officer].**

**5.** (Defendant) **knew** (victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator] [railroad special officer] [licensed security officer].**

**6.** **At the time of the assault,** (victim) **was engaged in the lawful performance of [his] [her] duties.**

*For cases where the alleged victim is a law enforcement officer, do not refer to the victim by name when instructing on the sentence below. Instead, the instruction must state the class of officers to which the victim belongs, e.g., deputy sheriff, probation officer, correctional officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991).*
**The court now instructs you that a** (name of official position of victim designated in charge) **is a law enforcement officer.**

*For cases involving other types of victims, insert definitions from § 784.07(1)(a), Fla. Stat., as appropriate.*

*Give if applicable. McClain v. State, 383 So. 2d 1146 (Fla. 4th DCA 1980); Smithson v. State, 689 So. 2d 1226 (Fla. 5th DCA 1997); Gilbert v. State, 347 So. 2d 1087 (Fla. 3d DCA 1977).*
**If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then** ~~the victim~~(victim) **may be found to have been in fear, and actual fear on the part of** ~~the actual victim~~(victim) **need not be shown.**

Lesser Included Offenses

| ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC. — 784.07(2)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Assault | | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

See *Spurgeon v. State*, 114 So. 3d 1042 (Fla. 5th DCA 2013) (holding that a conviction for a violation of § 784.07(2), ~~Florida Statutes~~Fla. Stat., had to be vacated because the statute does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of a hospital under chapter 395).

This instruction was adopted in 1981 [431 So. 2d 594] and amended in 1992 [603 So. 2d 1175], 1995 [657 So. 2d 1152], 2007 [962 So. 2d 310], 2008 [994 So. 2d 1038], ~~and~~ 2015 [157 So. 3d 1027], and 2016.

**8.12 AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.**
§ 784.07(2)(c), Fla. Stat.

**To prove the crime of Aggravated Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Law Enforcement Explorer] [a Non-sworn Law Enforcement Agency Employee Certified as an Agency Inspector] [Blood Alcohol Analyst] [Breath Test Operator] [Railroad Special Officer] [Licensed Security Officer] [Security Officer Employed by the Board of Trustees of a Community College], the State must prove the following seven elements beyond a reasonable doubt. The first three elements define assault.**

1.  (Defendant) **intentionally and unlawfully threatened, either by word or act, to do violence to** (victim)**.**

2.  **At the time,** (defendant) **appeared to have the ability to carry out the threat.**

3.  **The act of** (defendant) **created in the mind of** (victim) **a well-founded fear that the violence was about to take place.**

*Give 4a <u>and/or</u> 4b as applicable. If 4b is alleged, give the elements of the felony charged.*

4.  a.  **The assault was made with a deadly weapon.**

> **b.** **The assault was made with a fully-formed, conscious intent to commit** (felony charged) **upon** (victim)**.**

5. (Victim) **was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [law enforcement explorer] [nonsworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator while such employee was in uniform and engaged in processing, testing, evaluating, analyzing, or transporting a person who was detained or under arrest for DUI] [railroad special officer] [licensed security officer who wore a uniform that bore at least one patch or emblem that was visible at all times that clearly identified the employing agency and that clearly identified the person as a licensed security officer].**

6. (Defendant) **knew** (victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [law enforcement explorer][nonsworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [a breath test operator] [railroad special officer] [licensed security officer].**

7. **At the time of the assault,** (victim) **was engaged in the lawful performance of [his] [her] duties.**

*For cases where the alleged victim is a law enforcement officer, do not refer to the victim by name when instructing on the sentence below. Instead, the instruction must state the class of officers to which the victim belongs, e.g., deputy sheriff, probation officer, correctional officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991).*
**The court now instructs you that a** (name of official position of victim designated in charge) **is a law enforcement officer.**

*For cases involving other types of victims, insert definitions from § 784.07(1)(a), Fla. Stat., as appropriate.*

*Give if applicable. McClain v. State, 383 So. 2d 1146 (Fla. 4ᵗʰth DCA 1980); Smithson v. State, 689 So. 2d 1226 (Fla. 5ᵗʰth DCA 1997); Gilbert v. State, 347 So. 2d 1087 (Fla. 3ʳᵈd DCA 1977).*

**If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then ~~the victim~~(victim) may be found to have been in fear, and actual fear on the part of ~~the actual victim~~(victim) need not be shown.**

*Give if element 4a alleged.*
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if element 4a alleged.*
**It is not necessary for the State to prove that the defendant had an intent to kill.**

**Lesser Included Offenses**

| AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER, ETC. -—784.07(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT** | **INS. NO.** |
| Aggravated assault | | 784.021 | 8.2 |
| Assault on law enforcement officer | | 784.07(2)(a) | 8.10 |
| Improper exhibition of  a dangerous weapon or firearm, if ~~Fla. Stat.~~ § 784.021(1)(a), Fla. Stat., is charged* | | 790.10* | 10.5* |
| Assault | | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Discharging firearms in public | 790.15 | 10.6 |

**Comments**

*It is not clear whether a charging document that tracks the statute for Aggravated Assault with a Deadly Weapon necessarily charges Improper

Exhibition. Contrast *Christ v. State*, 104 So. 3d 1262 (Fla. 2d DCA 2013) and *Michaud v. State*, 47 So. 3d 374 (Fla. 5th DCA 2010) with *Mack v. State*, 305 So. 2d 264 (Fla. 3d DCA 1974).

See *Spurgeon v. State*, 114 So. 3d 1042 (Fla. 5~~th~~th DCA 2013)(holding that a conviction for a violation of § 784.07(2), ~~Florida Statute~~Fla. Stat., had to be vacated because the statute does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of a hospital under chapter 395).

This instruction was approved in 1992 [603 So. 2d 1175], and amended in 1995 [657 So. 2d 1152], 2007 [962 So. 2d 310], 2008 [994 So. 2d 1038], 2013 [131 So. 3d 755], ~~and~~ 2015 [157 So. 3d 1027], and 2016.

## 8.15 AGGRAVATED ASSAULT ON PERSON
## 65 YEARS OF AGE OR OLDER
§ 784.08(2)(b), Fla. Stat.

**To prove the crime of Aggravated Assault on a Person 65 Years of Age or Older, the State must prove the following five elements beyond a reasonable doubt. The first three elements define assault.**

1. (Defendant) **intentionally and unlawfully threatened, either by word or act, to do violence to** (victim)**.**

2. **At the time,** (defendant) **appeared to have the ability to carry out the threat.**

3. **The act of** (defendant) **created in the mind of** (victim) **a well-founded fear that the violence was about to take place.**

*Give 4a and/or 4b. If 4b is alleged, give the elements of the felony charged.*
4.   a.   **The assault was made with a deadly weapon.**

   b.   **The assault was made with a fully-formed conscious intent to commit** (felony charged) **upon** (victim)**.**

5. (Victim) **was at the time 65 years of age or older.**

*Give if applicable. McClain v. State, 383 So. 2d 1146 (Fla. 4[th]th DCA 1980); Smithson v. State, 689 So. 2d 1226 (Fla. 5[th]th DCA 1997); Gilbert v. State, 347 So. 2d 1087 (Fla. 3[rd]d DCA 1977).*

**If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then ~~the victim~~(victim) may be found to have been in fear, and actual fear on the part of ~~the actual victim~~(victim) need not be shown.**

*Definition. Give if 4a alleged.*

**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if 4a alleged.*

**It is not necessary for the State to prove that the defendant had an intent to kill.**

## Lesser Included Offenses

| AGGRAVATED ASSAULT ON PERSON 65 YEARS OF AGE OR OLDER — 784.08(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Aggravated assault | | 784.021 | 8.2 |
| Assault on person 65 years of age or older | | 784.08(2)(d) | 8.17 |
| Improper exhibition of a dangerous weapon or firearm, if ~~Fla. Stat.~~ § 784.021(1)(a), Fla. Stat., is charged* | | 790.10* | 10.5* |
| Assault | | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Discharging firearms in public | 790.15 | 10.6 |

## Comments

*It is not clear whether a charging document that tracks the statute for Aggravated Assault with a Deadly Weapon necessarily charges Improper Exhibition. Contrast *Christ v. State*, 104 So. 3d 1262 (Fla. 2d DCA 2013) and

*Michaud v. State*, 47 So. 3d 374 (Fla. 5th DCA 2010) with *Mack v. State*, 305 So. 2d 264 (Fla. 3d DCA 1974).

This instruction was adopted in 1997 [697 So. 2d 84] and amended in 2013 [131 So. 3d 755], and 2016.


## 10.5 IMPROPER EXHIBITION OF A [WEAPON] [FIREARM]
§ 790.10, Fla. Stat.

**To prove the crime of Improper Exhibition of a [Weapon] [Firearm], the State must prove the following three elements beyond a reasonable doubt:**

1.    (Defendant) **had or carried [a weapon] [a firearm] [a dirk] [a sword] [a sword cane] [an electric weapon or device].**

2.    (Defendant) **exhibited the [weapon] [firearm] [dirk] [sword] [sword cane] [electric weapon or device] in a [rude] [careless] [angry] [or] [threatening] manner.**

3.    **[He] [She] did so in the presence of one or more persons.**

*Defense.*
**If you find that the defendant exhibited the [weapon] [firearm] ]dirk] [sword] [sword cane] [electric weapon or device] in necessary self-defense, you must find [him] [her] not guilty.** *Read appropriate self-defense instruction.*

*Give as applicable.*
*Definitions.*
*§ 790.001(13), Fla. Stat., and Porter v. State, 798 So. 2d 855 (Fla. 5th DCA 2001).*
**A "weapon" is any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a closed common pocketknife, plastic knife, or blunt-bladed table knife.**

*Give if applicable. Porter v. State, 798 So. 2d 855 (Fla. 5th DCA 2001).*
**However, an open pocketknife could constitute a weapon.**

*R.R. v. State, 826 So. 2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So. 2d 490 (Fla. 1st DCA 2005).*

A "deadly weapon" is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.

"Electric weapon or device" means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.

A "firearm" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [*The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is *(insert definition in 790.001(1), Fla. Stat.*] [**A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.*].

### Lesser Included Offenses

| IMPROPER EXHIBITION OF A WEAPON OR FIREARM — 790.10 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |

### Comments

*A claim that a firearm is an antique firearm is an affirmative defense. *State v. Thompson,* 390 So. 2d 715 (Fla. 1980). It is undecided whether a defendant must prove by a preponderance of the evidence the firearm was an antique firearm or whether the state must prove the firearm was not an antique firearm.

This instruction was adopted in 1981 and amended in 2013 [131 So. 3d 720] and 2016.

# 11.17(c) TRAVELING TO MEET A MINOR
§ 847.0135(4)(a), Fla. Stat.

**To prove the crime of Traveling to Meet a Minor, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to [seduce] [solicit] [lure] [entice] [attempt to [seduce] [solicit] [lure] [entice]] a [child] [person believed by the defendant to be a child] to engage in [**(insert illegal act in chapter 794, 800, or 827 as alleged in the charging instrument)**] [unlawful sexual conduct].**

2.      (Defendant) **then [traveled] [attempted to travel] [caused another to travel] [attempted to cause another to travel] [within this state] [to this state] [from this state] for the purpose of [**(insert violation of chapter 794, 800, or 827 as alleged in the charging instrument)**] [unlawful sexual conduct] with a [child] [person believed by the defendant to be a child].**

**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**

*Definitions.*
**A "child" means any person, whose identity is known or unknown, less than 18 years of age.**

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that**

**sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.**

**"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Traveling to Meet a Minor, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described*

*in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

## Lesser Included Offenses

~~No lesser included offenses have been identified for this offense.~~

| TRAVELING TO MEET A MINOR — 847.0135(4)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices | | 847.0135(3)(a) | 11.17(a) |

## Comment

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263] and 2016.

## 11.17(d) TRAVELING TO MEET A MINOR FACILITATED BY PARENT, LEGAL GUARDIAN, OR CUSTODIAN
§ 847.0135(4)(b), Fla. Stat.

**To prove the crime of Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to [solicit] [lure] [entice] [attempt to [solicit] [lure] [entice]] a [parent] [legal guardian] [custodian] [person believed by the defendant to be a [parent] [legal guardian]**

**[custodian]] of a child to consent for the [child] [person believed by the defendant to be a child] to participate in** [(insert violation of chapter 794, 800, or 827 as alleged in the charging instrument)**] [sexual conduct].**

2.    (Defendant) **then [traveled] [attempted to travel] [caused another to travel] [attempted to cause another to travel] [within this state] [to this state] [from this state] for the purpose of engaging in any illegal act described in** [(insert violation of chapter 794, 800, or 827 as alleged in the charging instrument)] **[other unlawful sexual conduct] with a child or a person believed by the defendant to be a child.**

**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**

*Definitions.*
**A "child" means any person, whose identity is known or unknown, less than 18 years of age.**

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.**

**"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another**

by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.

*Lakey v. State*, 113 So. 3d 90 (Fla. 5th DCA 2013).
**"An object" includes a finger.**

**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat., for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

~~No lesser included offenses have been identified for this offense.~~

| TRAVELING TO MEET A MINOR FACILITATED BY PARENT, LEGAL GUARDIAN, OR CUSTODIAN — 847.0135(4)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices | | 847.0135(3) (b) | 11.17(b) |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263] and 2016.

## 16.4 CONTRIBUTING TO CHILD [DELINQUENCY] ~~OR~~ [DEPENDENCY] ~~OR TO CHILD~~ [IN NEED OF SERVICES]
§ 827.04(~~3~~1), Fla. Stat.

**To prove the crime of Contributing to a ~~c~~Child's ~~b~~Becoming a [~~d~~Delinquent ~~c~~Child] [~~d~~Dependent ~~c~~Child] [~~c~~Child in ~~n~~Need of ~~s~~Services], the State must prove the following element beyond a reasonable doubt:**

*Give if § 827.04(1)(a), Fla. Stat., is charged.*
~~[~~(Defendant) **knowingly** (read act alleged from charge)**, which [caused] [tended to cause] [encouraged] [contributed to] (victim) to become a [delinquent] [dependent] child [in need of services].**

~~[caused]~~
~~[tended to cause or encourage]~~
~~[contributed to]~~

~~(victim)~~ ~~[to become] [becoming] a [delinquent] [dependent] child [in need of services].]~~

- 26 -

*Give if § 827.04(1)(b), Fla. Stat., is charged.*
[(Defendant)**, knowingly, by [act] [threat] [command] [or] [persuasion], [induced] [endeavored to induce]** (victim) **to [commit or perform an act] [follow a course of conduct] [live in a manner] that caused or tended to cause** (victim) **to [become] [remain] a [delinquent] [dependent] child [in need of services].**

> [act]
> [threat]
> [command]
> [persuasion]

[induced] [endeavored to induce] (victim) to

> [perform any act]
> [follow any course of conduct]
> [live]

so as to cause or tend to cause (victim) to

> [become a dependent child].]
> [remain a dependent child].]
> [become a delinquent child].]
> [remain a delinquent child].]
> [become a child in need of services].]
> [remain a child in need of services].]

*Definition. § 827.01(~~1~~2), Fla. Stat.*
**"Child" means any person under the age of 18 years.**

*State v. Shamrani, 370 So. 2d 1 (Fla. 1979). The option of "remain" applies only if § 827.04(1)(b), Fla. Stat., is charged.*
 **"Knowingly" means that** (defendant) **created a substantial and unjustifiable risk that [his] [her] act[s] [caused] [or] [tended to cause]** (victim) **to [become] [remain] a [delinquent] [dependent] child [in need of services].**

*Prepare the definition of "delinquency," "dependency," or "child in need of services" based on the statutory definitions in effect at the time of the alleged offense. See § 39.01 Fla.Stat.*

*Give as applicable.*

*§ 984.03(9), Fla. Stat. If the allegation involves habitual truancy from school, a special instruction regarding § 1003.26, Fla. Stat., and 1003.27, Fla. Stat., will be needed.*

**"Child in need of services" means a child for whom there is no pending investigation into an allegation or suspicion of abuse, neglect, or abandonment; no pending referral alleging the child is delinquent; or no current supervision by the Department of Juvenile Justice or the Department of Children and Families for an adjudication of dependency or delinquency. The child must also be found by the court:**

**(a)     To have persistently run away from the child's parents or legal custodians despite reasonable efforts of the child, the parents or legal custodians, and appropriate agencies to remedy the conditions contributing to the behavior. Reasonable efforts shall include voluntary participation by the child's parents or legal custodians and the child in family mediation, services, and treatment offered by the Department of Juvenile Justice or the Department of Children and Families;**

**(b)     To be habitually truant from school, while subject to compulsory school attendance, despite reasonable efforts to remedy the situation pursuant to law and through voluntary participation by the child's parents or legal custodians and by the child in family mediation, services, and treatment offered by the Department of Juvenile Justice or the Department of Children and Families; or**

**(c)     To have persistently disobeyed the reasonable and lawful demands of the child's parents or legal custodians, and to be beyond their control despite efforts by the child's parents or legal custodians and appropriate agencies to remedy the conditions contributing to the behavior. Reasonable efforts may include such things as good faith participation in family or individual counseling.**

*§ 984.03(11), and § 985.03(53), Fla. Stat.*

**"Delinquent Child" means a child who committed a violation of any law [of this state, the United States, or any other state which is a misdemeanor or a felony or a violation of a county or municipal ordinance] which would be punishable by incarceration if the violation were committed by an adult [or direct or indirect contempt of court,] [except that this definition shall not include an act constituting contempt of court arising out of a dependency**

**proceeding or a proceeding pursuant to Chapter 984 of Florida Statutes].** (Name of violation of law) **is such a violation of law.**

*Give if the child has yet to be found delinquent by a court.*
**The elements of this violation of law are: (***define the elements of the crime***).**

*§ 984.03(12), Fla. Stat.*
**"Dependent child" means a child who, pursuant to Chapter 984 of Florida Statutes, is found by the court:**

**(a)     To have been abandoned, abused, or neglected by the child's parents or other custodians.**

**(b)     To have been surrendered to the former Department of Health and Rehabilitative Services, the Department of Children and Families, or a licensed child-placing agency for purpose of adoption.**

**(c)     To have been voluntarily placed with a licensed child-caring agency, a licensed child-placing agency, an adult relative, the former Department of Health and Rehabilitative Services, or the Department of Children and Families, after which placement, under the requirements of Chapter 984, a case plan has expired and the parent or parents have failed to substantially comply with the requirements of the plan.**

**(d)     To have been voluntarily placed with a licensed child-placing agency for the purposes of subsequent adoption and a natural parent or parents signed a consent pursuant to the Florida Rules of Juvenile Procedure.**

**(e)     To have no parent, legal custodian, or responsible adult relative to provide supervision and care.**

**(f)     To be at substantial risk of imminent abuse or neglect by the parent or parents or the custodian.**

**Lesser Included Offenses**

| CONTRIBUTING TO CHILD DELINQUENCY OR DEPENDENCY OR TO CHILD IN NEED OF SERVICES — 827.04(31) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1981 and amended in 1989, and 1992 [603 So. 2d 1175], and 2016.